William B. Lawless, J.
This is an application by an inmate of the Attica State Prison for an order directing that the Warden of that institution amend the prison records so as to credit the petitioner with certain time served against his sentence which, with such credit, will expire on April 9,1966.
It appears that the petitioner was last paroled from prison on March 1,1962, declared delinquent as of October 1, 1962, and returned to prison on September 15, 1964, owing 2 years, 3 months and 19 days delinquent time. It further appears that the petitioner was arrested in Utica, New York, on December 20, 1963, by an agent of the Federal Bureau of Investigation and arraigned there before a United States Commissioner upon a charge of violating section 1073 of title 18 of the United States Code (unlawful flight to avoid confinement). The disposition of the Federal charge is not disclosed but it may be assumed that it was quashed, since a New York State warrant for parole violation was substituted for the Federal warrant. While the record is somewhat unclear as to the details of what followed the arrest, it does appear that the petitioner was, following his arrest in Utica, returned to the City of Buffalo for prosecution in the Buffalo City Court as a result of which he was sentenced to one year in the Erie County Penitentiary. Upon completion of this sentence on September 15, 1964, the petitioner was returned to Attica State Prison to complete service of the sentence upon which he had been paroled.
The present dispute revolves about the date upon which the petitioner’s sentence began to run anew, December 20, 1963, when he was retaken as a parole violator or September 15,1964, when he was returned to State prison.
Upon an earlier habeas corpus application to the Wyoming County Court, the writ was dismissed as premature but the learned Judge made it clear, albeit in dicta, that in his opinion the rule of the Court of Appeals in People ex rel. Rainone v. Murphy (1 N Y 2d 367) was applicable here so that the petitioner’s sentence commenced running upon his arrest in Utica on December 20, 1963, rather than upon the date of his return to State prison nearly nine months later. With that conclusion, I concur.
While it has not been urged here it should be noted that, subsequent to the Rainone decision, the Legislature (L. 1960, ch. 473) amended section 218 of the Correction Law to provide *1003 with respect to the interruption of a sentence by an act of delinquency on parole that, “ Such interruption shall continue until the return of such prisoner to an institution under the jurisdiction of the commissioner of correction.” In some respect the quoted language simply reflects in section 218 the consequence of other provisions of law relating to the retaking of parole violators. Section 217 of the Correction Law requires that one retaken upon a parole violation warrant be detained by the arresting officer or returned by him to prison to await the action of the Board of Parole. Subdivision 2 of section 2193 of the Penal Law provides that such detention if “in a state institution for defective delinquents or insane criminals, county or city psychiatric institution, prison, jail or other place of detention by virtue of his arrest as a parole violator shall, upon his return to prison or a reformatory for such violation, be calculated as a part of the term of the sentence imposed”. Ordinarily these provisions will assure that one retaken as a parole violator will receive credit for subsequent detention pending return to a State prison. The amendment made to section 218 cannot, however, be read as a grant of power to the Parole Board, once it has regained custody of a prisoner, to further toll the running of his sentence by delivering him to others for prosecution and/or imprisonment. The petitioner here, it must be noted, was arrested as a parole violator and not for the commission of a crime committed while upon parole even though he was subsequently delivered to local authorities for prosecution in the City of Buffalo for a crime apparently committed following his release upon parole.
While the petition and answering affidavits, which include a transcript of testimony taken by Judge Cokable in the habeas corpus proceeding, do not supply all the details of the petitioner’s arrest and subsequent detention, it does appear that the petitioner was retaken by the Federal Bureau of Investigation as a parole violator and that the Parole Board’s warrant was substituted for the Federal warrant and the petitioner detained by the Division of Parole for over one month until he was returned to Buffalo, New York. Upon this showing I conclude that the petitioner’s sentence began to run anew as of December 20, 1963, and that the records of the Attica State Prison should be amended accordingly.